Granted
2 pages only ✓
[initials]
8-30-15

In the Court of Criminal Appeals
Austin, Texas.

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

| | |
|---|---|
| Silvia Romero,<br>Appellant<br><br>v.<br><br>The State of Texas | CoA Case No. 05-13-01586-CR<br>Tr. Ct. No. F01-16575-X<br>PD-0816-15. |

## APPELLANT'S MOTION TO WAIVE RULE 9.3(b)(1) And RULE 68.5 WITH REGARD TO APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

To the Honorable Justices of the Court of Criminal Appeals:

Appellant, Silvia Romero, Prose, requests the Court grant her Motion to Waive Rule 9.3(b)(1) AND Rule 68.5 for the filing of Appellant's Petition for Discretionary Review - the following allegations are made in support of this Motion.

FILED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

### I.

The Court below is Criminal District Court Number Six (6) of Dallas County, Texas; Trial Court No. 27326. The style and number of the Case in the Trial Court is: State of texas v. Silvia Romero, Cause Number: F01-16575-X.

-1-

## II.

Appellant, Silvia Romero, was convicted of injury to a child. Appellant was sentenced to life imprisonment and a $10,000 fine.

Appellant is proceeding prose in the above cause and will continue to proceed prose in the preparation and filing of her Petition for Discretionary Review. Appellant is currently incarcerated at the Lane Murray Unit of the Texas Department of Criminal Justice in Gatesville, Texas.

## III.

In support of her motion, Appellant who is proceeding prose, is allowed access to the unit's "Law Library" Only 10 hours per week. Appellant must "hand-write" all of her documents, including any case law located and at her disposal. Appellant does <u>not</u> have access to any Computers, Typewriters and or Copy facilities. TRAP 9.3.(b)(1) requires upon filing a Petition for Discretionary that (1) paper Copies of the document filed in paper form a party must file the original and 11 copies of any documents."

T.R.A.P. 68.5 requires that "the petition must be no longer than 15 pages... A reply may be no longer than 8 pages, exclusive of the items stated above: However, The Rule does include the following important language: TRAP 68.5 "The Court may, on motion, Permit a longer petition or reply."

Appellant Reiterates her Requested Motion To Waive both T.R.A.P. 9.3 (b)(1) AND T.R.A.P. 68.5 in light of the facts that her incarceration prevents her from having access to the electronic technology which Would allow her to conform to T.R.A.P. 9.3 (b)(1) and T.R.A.P. 68.5 Appellante does not have access to any copy facilities which apply to Rule 9.3 (b)(1) and would create an even harsher hardship for Appellant Considering the timetable for receiving, Reviewing, Researching and handwriting the petition for this honorable Court. Further, Appellante does not have access nor does the Unit provide any type of Computer facilities For preparation and typing of legal documents thus Making it moot to create any type of Computer generated document or typewritten generated document which the Rule (68.5) seems to refer as most documents Submitted are either Computer generated or typewritten or Submitted electronically. the very nature of having to handwrite documents while making them legible for this honorable Court and not beingable to format (as a Computer generated document) present an almost impossible task to include important issues and case law within the 15 pages. Therefore, Appellant Requests a ruling on her TRAP 68-5 Waiver as swell.

Appellant will do her utmost to Keep the handwritten petition to the least amount of pages as Required by the Rule (68.5) and appeals to this honorable Court to waive both Rules.

—3—

9.3(b)(1) and 68.5 due to the facts/allegations referred to above.

## IV

This Motion To waive T.R.A.P. 9.3 (b)(1) and 68-5 is not Requested for purpose of Circumventing The T.R.A.P. Rules establishen but that Justice and Fairness prevail Considering the lack of facilities in preparing legal documents available to an incarcerated person.

Therefore, Appellant plays that this honorable Court grant Appellant's request to waive T.R.A.P.9.3(b)(1) and that as outlined in T.R.A.P. 68-5—"the Court may, On motion, permit a longer petition or reply". Appellant appeals once again to the Court regarding said Motion and allow Appellante to timely file her Petition for Discretionary Review within the environment she is currently incarcerated in and within the bounds of the lack of facilities Provided at the Lane Murray Unit.

Appellant further prays that both Rules 9.3 (b) (1) and TRAP. 68-5 be addressed in Their Ruling.

Respectfully Submitted.
Silvia Romero

Silvia Romero, Prose.
TDCJ #01883677
Lane Murray Unit.
1916 N. Hwy 36 Bypass.
Gatesville, Tx. 76596.

—4—

## Certificate of Service

This is to certify that on August 17, 2015, a true and correct copy of the above motion to waive 9.3 (b)(1) AND 68.5 with Regard to Appellant's Petition for Discretionary Review was forwarded for filing to: Hon Abel Acosta, Clerk, Court of Criminal Appeals, Austin, Texas, P.O. Box 12308, Capitol Station, Austin, Texas, 78711 and a copy of the foregoing document was Served on the Dallas County criminal District Attorney's Office, by U.S. mail addressed to: Hon Craig Watkins, Criminal District Attorney, ATTN: Appellate, Dir. 133 River front, LB 19, Dallas, Texas 75207, by depositing both in the U.S. mailbox located by the Dining Hall on the Lane Murray Unit.

<u>Silvia Romero</u>
Silvia Romero, Prose

## Unsworn Declaration

I, Silvia Romero, TDCJ Ⅱ 01883677, being presently incarcerated in the Lane Murray Unit of the Texas Department of Criminal Justice in Couryell County, Texas declare under penalty of perjury that I am the Appellant Prose, Affiant in the above and foregoing Motion, I have read said Motion and the factual allegations in formation of said Motion are true and correct and Same has been deposited in the U.S. mailbox next to the dining hall on the Lane Murray Unit.

Executed on this 17 day of August, 2015.

<u>Silvia Romero</u>
Silvia Romero, Appellant Prose.
Affiant

-5-